IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1520-WJM-GPG

CLARE ANN HEIN,

    Plaintiff,

v.

WESLEY HERSBERGER, in his individual capacity as a Gunnison County Sheriff's Deputy,

    Defendant.

---

**ORDER GRANTING DEFENDANT WESLEY HERSBERGER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant Wesley Hersberger's Motion for Partial Summary Judgment ("Motion"). (ECF No. 72.) For the reasons set forth below, the Motion is granted.

## I. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. BACKGROUND

### A. Factual Allegations[1]

In 2017, 71-year-old Plaintiff Clare Ann Hein lived by herself at Lofts, an apartment complex in Gunnison, Colorado that is located approximately a block and a half from a soccer field utilized by Western State Colorado University. (ECF No. 75 at 4 ¶¶ 1–2.)

On September 29, 2017, Plaintiff drove to the soccer field to complain about the volume of music being played at a soccer game. (ECF No. 72 at 2 ¶ 1.) After arriving at the soccer field, she left her purse and identification in her locked vehicle and walked across the street to the bottom of the steps leading up to the press box. (ECF No. 75 at 6 ¶¶ 16–17.)

Plaintiff complained about the music, and an individual in the press box contacted 911 regarding Plaintiff's behavior. (ECF No. 72 at 2 ¶¶ 2–3.) Thereafter, Hersberger arrived at the field and contacted Plaintiff. (*Id.* at 3 ¶ 4.) After a brief interaction, Hersberger took Plaintiff to the ground and arrested her. (*Id.* ¶ 5.)

---

[1] The following factual summary is based on the parties' briefs on the Motion and documents submitted in support thereof. These facts are undisputed unless attributed to a party or source. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

Hersberger asked Plaintiff for her identification, and she responded, "Let me get my purse out of the car." (ECF No. 75 at 7 ¶ 20.)

Thereafter, Gunnison Police Officers Jerry Hayes and Greg Stahl arrived at the scene as Hersberger was arresting Plaintiff. (ECF No. 72 at 3 ¶ 6; ECF No. 75 at 7 ¶ 21.) Neither Hayes nor Stahl remembers Plaintiff having her purse or wallet nearby, but Hayes thought that Hersberger had Plaintiff's car keys. (ECF No. 75 at 7 ¶¶ 23–24.) Plaintiff informed Hayes and Stahl that they needed a warrant if they wanted to search her vehicle. (ECF No. 72 at 3 ¶ 7.) Nonetheless, although she did not see them search her vehicle, she observed them searching through her purse as they walked back to her. (ECF No. 72-1 at 2.)

Plaintiff testified that she does not know whether Hersberger participated in the search of her vehicle or asked other officers to search her vehicle. (*Id.*) Hersberger denies directing Gunnison Police Department to search Plaintiff's vehicle. (ECF No. 72-2 at 2.) Hayes and Stahl both testified that they do not recall searching Plaintiff's vehicle. (ECF No. 72-3 at 2; ECF No. 72-4 at 2.)

**B.     Procedural History**

Plaintiff initiated this action on May 28, 2019 (ECF No. 1) and filed her Second Amended Complaint and Jury Demand ("Second Amended Complaint") on October 28, 2019 against Hersberger and Gunnison County Sheriff's Office ("GCSO") (ECF No. 47). In the Second Amended Complaint, Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that: (1) Hersberger used excessive force in violation of the Fourth Amendment (*see id.* ¶¶ 71–81); (2) Hersberger effectuated an unlawful seizure and false arrest of Plaintiff in violation of the Fourth Amendment (*see id.* ¶¶ 82–93); (3) Hersberger encouraged other

3

GCSO officers to conduct an unlawful search of Plaintiff's belongings in violation of the Fourth Amendment (*see id.* ¶¶ 94–104); (4) GCSO ratified Hersberger's unlawful conduct (*see id.* ¶¶ 105–13); and (5) GCSO engaged in negligent hiring and failed to train and supervise its officers (*see id.* ¶¶ 114–32). The Court dismissed Plaintiff's claims against GCSO on May 18, 2020. (ECF No. 64.)

On August 31, 2020, Hersberger filed the Motion. (ECF No. 72.) Plaintiff responded on September 21, 2020 (ECF No. 75), and Hersberger replied on October 1, 2020 (ECF No. 76).

### III. ANALYSIS

Hersberger seeks summary judgment on the Plaintiff's unlawful search claim, which alleges that he "encouraged the responding officers to take Ms. Hein's keys, open her car and search her purse and car without a warrant, consent from Ms. Hein or exigent circumstances" and that he "had a duty to intervene and stop the unlawful search of Ms. Hein's vehicle and purse because [he] knew that there was no probable cause or reasonable suspicion to search Ms. Hein's car or purse." (ECF No. 47 ¶¶ 94–104.)

The Tenth Circuit has generally recognized that "that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1210 (10th Cir. 2008) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)). "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know . . . that any constitutional violation has been committed by a law

enforcement official." *Id.*; *see also Harris v. Mahr*, 838 F. App'x 339, 343 n.2 (10th Cir. 2020) ("In failure-to-intervene cases, the plaintiff must prove that the defendant 'observed or had reason to know' of a constitutional violation and [ ] had a 'realistic opportunity to intervene.'" (quoting *Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015))).[2]

Hersberger argues that he is entitled to summary judgment as to Plaintiff's unlawful search claim because there is "absolutely no evidence" suggesting that Hersberger encouraged other GCSO officers to conduct an unlawful search of Plaintiff's belongings. (ECF No. 72 at 5.) In support, he cites Plaintiff's deposition testimony, in which she admitted that she did not know whether Hersberger encouraged Hayes and Stahl to search her vehicle. (*Id.*)

In response, Plaintiff argues there is a genuine issue of material fact arising from the circumstantial evidence suggesting that "the only way" that Hayes and Stahl and could have known that her purse was in her vehicle was if Hersberger had told them. (ECF No. 75 at 10.) Plaintiff contends that this is "tantamount to encouraging them, or causing them, to take her keys, unlock the car, and grab her purse." (*Id.*) She further argues that although "she did not actually see or hear [Hersberger] encourage the responding officers to take her keys and search the car, she witnessed the other officers going to her car and returning with her purse, which is compelling circumstantial evidence that [Hersberger] did cause a search of her car and purse." (*Id.* at 11.) Her name, date of birth, and driver's license number were relayed to dispatch approximately

---

[2] In *Harris*, the Tenth Circuit recognized that *Vondrak* "recites a broad duty to intervene [that] lacks any specificity, especially as to unlawful entry and search cases" and that the "'constitutional principles' surrounding a failure to intervene in an unlawful search" are unclear. 838 F. App'x at 343–44. Nonetheless, because the Defendant does not contest that a duty to intervene applies to unlawful search cases, the Court will not address this issue.

six minutes after she was placed in custody, which is "enough time for responding officers to have initiated a search of her car." (*Id.* at 12.)

Here, there is sufficient circumstantial evidence from which a reasonable factfinder could infer that Hersberger informed Hayes and Stahl that Plaintiff's purse was in her vehicle and that Hayes and Stahl searched Plaintiff's vehicle. As Plaintiff testified, the officers "were holding the purse and searching through the purse, and the only way they could know my purse was in the car is Hersberger had to tell them, because I told him. I didn't talk to the police." (ECF No. 75-1 at 13.)

However, even drawing all reasonable inferences in Plaintiff's favor, Plaintiff's speculation that Hersberger must have also *encouraged* Hayes and Stahl to violate Plaintiff's Fourth Amendment rights by unlawfully searching her vehicle is unsupported by any evidence. Critically, Plaintiff did not observe or hear Hersberger encouraging Hayes and Stahl to search Plaintiff's vehicle. In her deposition, Plaintiff testified as follows:

> Q. Did Deputy Hersberger participate in the search of your vehicle?
>
> A. Not that I know of.
>
> Q. Did Deputy Hersberger request the officers search – that those other officers search your vehicle?
>
> A. Not that – I don't know.
>
> . . .
>
> Q. Well, is it your contention in this lawsuit that Deputy Hersberger encouraged the other officers to search your purse and car without a warrant?
>
> A. Yes. No, I told them they were not – they could not do it without a warrant.

6

> Q. That's not my question. My question is, is your contention in this case that my client, Deputy Hersberger encouraged?
>
> A. I don't know.

(ECF No. 72-1 at 2.)

Hersberger denied that he directed Hayes and Stahl to search Plaintiff's vehicle. (*See* ECF No. 72-2 at 2 ("Q. Did you direct the Gunnison Police Department to search the car? A. No.").) Hayes and Stahl likewise denied that Hersberger played any role in a search of Plaintiff's vehicle. (*See* ECF No. 72-3 at 2 ("Q. Do you remember Deputy Hersberger asking you to conduct any kind of search of [Plaintiff's] car or any other personal belongings she may have had with her? . . . A. I don't recall doing any type of search."); ECF No. 72-4 at 2 ("Q. Do you remember searching Clare Hein's car on September 29, 2017? A. No, we did not. Why would we search her car? . . . Q. Similar question. Do you recall seeing Officer Hayes or Deputy Hersberger searching Clare Hein's car? A. I do not.").)

Thus, the Court finds that Plaintiff has failed to offer any evidence from which a reasonable factfinder could conclude that Hersberger expressly or impliedly encouraged Hayes and Stahl to search Plaintiff's vehicle and belongings. *See Bones v. Honeywell Int'l Inc.*, 366 F.3d 869, 876 (10th Cir. 2004) ("Testimony which is grounded on speculation does not suffice to create a genuine issue of fact to withstand summary judgment."). Likewise, Plaintiff offers no evidence suggesting that Hersberger observed or had reason to know that Hayes and Stahl were conducting an unlawful search of her vehicle or that Hersberger had a reasonable opportunity to intervene, such that a duty to intervene might be triggered. *See Vondrak*, 535 F.3d at 1210.

Because Plaintiff has failed to raise any facts suggesting that Hersberger personally participated in an unlawful search of her vehicle or had a duty to intervene in an unlawful search conducted by others, Hersberger is entitled to judgment as a matter of law with regard to Plaintiff's unlawful search claim.

\* \* \* \*

The Court pauses to make one final observation. After reviewing the allegations and legal issues at issue in this case, the Court is of the view that this case should be resolved through a pretrial settlement. If the parties believe that a settlement conference before United States Magistrate Judge Gordon P. Gallagher could be productive, they are strongly encouraged to file a joint motion requesting a settlement conference as soon as practicable.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that:

1. Defendant Wesley Hersberger's Motion for Partial Summary Judgment (ECF No. 72) is GRANTED;

2. At the conclusion of this action, Defendant Wesley Hersberger will be entitled to judgment on Claim Three; and

3. This matter REMAINS SET for a Final Trial Preparation Conference on **July 16, 2021, at 3:00 PM**, and a 5-day jury trial commencing on **August 2, 2021, at 8:30 AM**, both in Courtroom A801.

Dated this 28th day of April, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge